UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

FIVE THOUSAND THREE HUNDRED
FIFTY DOLLARS IN UNITED STATES
CURRENCY ($5,350.00),

          Defendant *in Rem.*
_____/

Civil Case No. 11-12003

Honorable George Caram Steeh

### STIPULATION AND AGREEMENT FOR ENTRY OF CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, the United States of America (hereinafter the "United States"), by and through its counsel, Barbara L. McQuade, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, and Claimant, RAMIZ GALLOZI, by and through his attorney, N.C. Deday LaRene, Esq., (the United States and RAMIZ GALLOZI shall be referred to collectively as "the Parties") enter into this Stipulation and Agreement for Entry of Consent Judgment and Final Order of Forfeiture as to Defendant Five Thousand Three Hundred Fifty Dollars ($5,350.00) in U.S. Currency (the "Defendant Currency") under the terms and conditions hereinafter set forth:

Agents with the United States Drug Enforcement Administration ("DEA"), and other law enforcement officers seized the Defendant Currency while executing a federal search warrant at RAMIZ GALLOZI's home located on Woodlore Drive in West Bloomfield, Michigan on or about August 25, 2010;

RAMIZ GALLOZI filed an administrative claim with the DEA, and thereafter, DEA referred the matter to the United States Attorney's Office for judicial forfeiture;

On May 6, 2011, the United States filed a civil judicial forfeiture complaint against the Defendant Currency pursuant to 21 U.S.C. Section 881(a)(6)(Docket #1) (the "Complaint");

The United States completed notice of publication of the civil judicial forfeiture action on or about June 10, 2011;

On June 11, 2011, RAMIZ GALLOZI filed a verified Claim for the Defendant Currency (Docket #5);

On June 13, 2011, RAMIZ GALLOZI filed an Answer to Complaint for Forfeiture (Docket # 8);

No other verified claims of interest have been filed by any party in the civil judicial forfeiture action, and the time for filing such claims has expired;

The Parties agreed to stay the civil judicial forfeiture action on or about August 11, 2011 (Docket # 9) and the Court entered an order staying the civil judicial forfeiture action and administratively closing the case on August 12, 2011 (Docket #10);

The Parties are aware of their respective rights and wish to resolve this action without further litigation and expense;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. This action is an *in rem* civil forfeiture action brought pursuant to 21 U.S.C. Section 881(a)(6).

2. The Court has jurisdiction and venue over this action pursuant to 28 U.S.C. Sections 1345, 1355(b)(1)(A), 1391(b)(2), and 1395(b).

3. The allegations of the Complaint are well taken and the United States and its agents had reasonable cause to seize the Defendant Currency, as provided in 28 U.S.C. Section 2465.   The position of the United States and its agents and employees in this action was and remains substantially justified as set forth in 28 U.S.C. Section 2412.   RAMIZ GALLOZI shall not claim or seek attorneys' fees and costs in connection with this action and knowingly and voluntarily waives any and all claims he may have for attorneys' fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other

statute, rule or regulation.

4. The Parties stipulate and agree that the following shall be **FORFEITED** to the United States pursuant to 21 U.S.C. Section 881(a)(6): Two Thousand Six Hundred Seventy Five Dollars ($2,675.00) of the Defendant Currency seized on or about August 25, 2010, plus half of any interest accrued since the seizure date on the total amount of Defendant Currency (hereinafter, the "Forfeited Currency").  Any right, title or ownership interest of RAMIZ GALLOZI and his agents, successors, assigns, and any right, title or ownership interest of all other persons, in the Forfeited Currency is hereby and forever **EXTINGUISHED** and clear title and all interest in the Forfeited Currency shall **VEST** in the United States, and the United States Marshals' Service ("USMS"), or its delegate, is **AUTHORIZED** to dispose of the Forfeited Currency according to law.

5. Pursuant to this Stipulation and Agreement, RAMIZ GALLOZI agrees to **WITHDRAW** any and all claims he has made for the Defendant Currency, including any claims filed in the civil judicial forfeiture action and any administrative claims of interest and petitions for remission or mitigation filed with DEA.

6. The Parties stipulate and agree that the following shall be **RETURNED** to RAMIZ GALLOZI: Two Thousand Six Hundred Seventy Five Dollars ($2,675.00) of the Defendant Currency seized on or about August 25, 2010, plus half of any interest accrued since the seizure date on the total amount of Defendant Currency (hereinafter, the "Returned Currency"). The United States agrees to release the Returned Currency to RAMIZ GALLOZI, less any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect from RAMIZ GALLOZI, including but not limited to, any debts that the United States may collect through the Treasury Offset Program (the "Returnable Amount"). Following entry of this Stipulation and Agreement by the Court, and after RAMIZ GALLOZI's attorney has supplied the United States with RAMIZ GALLOZI's social security number, EIN number and the Automated Clearing House ("ACH") information for electronic deposit of the Returnable Amount, the United States Department of Treasury, or its delegate, shall disburse the Returnable Amount to RAMIZ GALLOZI through the Electronic Payment System ("EPS") by electronic deposit into RAMIZ GALLOZI's attorney's IOLTA account.

7. Upon signing below, RAMIZ GALLOZI agrees to unconditionally release, remise and forever discharge the United States, and its agencies, agents, officers, and employees, past and present, and all other persons, including but not limited to, agents and employees of DEA, the United States Attorney's Office, the USMS, any individual local law enforcement officers, departments or agencies, and any other persons who participated in or assisted in any aspect of this action and underlying investigation, from any and all actions, claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands in law or equity, which RAMIZ GALLOZI, and/or his assignees, agents, officers, employees, heirs, or successors in interest had, now has or may have against the United States and its agencies, agents, officers, employees, past and present, and other persons involved in the seizure or forfeiture of the Defendant Currency, for, or on account of, the incidents or circumstances giving rise to any aspect of the seizure, investigation, or forfeiture proceedings.

8. The Parties agree that this Stipulation and Agreement applies exclusively to the asset forfeiture matters arising from the seizure of the Defendant Currency, and in no manner immunizes RAMIZ GALLOZI from criminal prosecution for any illegal conduct associated with the Defendant Currency.

9. By signing this Stipulation and Agreement, RAMIZ GALLOZI declares that he has read the terms of this Stipulation and Agreement, has consulted with his attorney, and fully understands the terms, conditions, and consequences of this Stipulation and Agreement and that he is aware of his rights in this forfeiture action.

10. The Parties stipulate and agree that each side shall bear its own costs and attorneys' fees in this action.

11. This Stipulation and Agreement encompasses the full agreement of the Parties regarding the Defendant Currency.

12. Upon entry of this Stipulation and Agreement for Consent Judgment and Final Order of Forfeiture, this case shall be **DISMISSED WITHOUT PREJUDICE**.

WHEREFORE, the Parties stipulate and agree to entry of this Stipulation and Agreement for Consent Judgment and Final Order of Forfeiture.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

| | |
|---|---|
| s\Adriana Dydell | s\N.C. Deday LaRene |
| ADRIANA DYDELL | N.C. DEDAY LARENE, ESQ. |
| Assistant United States Attorney | Attorney for Ramiz Gallozi |
| 211 W. Fort Street, Suite 2001 | 645 Griswold Street, Suite 1717 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 226-9125 | (313) 967-0100 |
| adriana.dydell@usdoj.gov | d6644@deday.net |
| [CA Bar No. 239516] | [P-16420] |
| | |
| Dated: September 11, 2014 | Dated: September 2, 2014 |

s\Ramiz Gallozi, please see attached page
RAMIZ GALLOZI
Claimant

Dated: September 2, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED:**

Dated:   September 15, 2014

s/George Caram Steeh
HONORABLE GEORGE CARAM STEEH
United States District Court Judge

WHEREFORE, the Parties stipulate and agree to entry of this Stipulation and Agreement for Consent Judgment and Final Order of Forfeiture.

Agreed as to form and substance:

BARBARA L. McQUADE
United States Attorney

*signature*

ADRIANA DYDELL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9125
adriana.dydell@usdoj.gov
[CA Bar No. 239516]

Dated: 9/11/14

*signature*

N.C. DEDAY LARENE, ESQ.
Attorney for Ramiz Gallozi
645 Griswold Street, Suite 1717
Detroit, Michigan 48226
(313) 967-0100
d6644@deday.net
[P-16420]

Dated: 9-2-14

*signature*

RAMIZ GALLOZI
Claimant

Dated: 9-2-14

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT IS SO ORDERED:

Dated:                      HONORABLE GEORGE CARAM STEEH
United States District Court Judge

8

9